LeRoy *v.* Blauvelt.

---

DANIEL LE ROY v. JOHN R. BLAUVELT, late Sheriff of Bergen.

This court will set aside a judgment of amercement against a sheriff, which has been improvidently entered.

This was an application to set aside a judgment of amercement which had been entered against the defendant, late sheriff of the county of Bergen. The facts of the case are disclosed in the opinion of the court delivered by the Chief Justice.

*J. Dickerson Miller*, for defendant.

HORNBLOWER, C. J. We are all of opinion the judgment of amercement and the execution issued thereon must be vacated and set aside. The notice of motion for amercement was issued as appears by its date, on the 21st June, 1822. It was not

served until the 8th of August, 1832. Between the date and service of that notice, the sheriff had received from the plaintiff through his agent S. Cassedy, esq. several instructions respecting the execution in his hands against Merrit at the suit of the plaintiff (on which this amercement was entered) inconsistent with and amounting to a waiver of the notice of amercement, and on the very day on which the notice was served, the sheriff received written instructions from Mr. Cassedy, the plaintiff's agent in this respect, to adjourn the sale of the premises, and at all events not to proceed to a sale in the absence of LeRoy, who had at that time left the city of New York, his place of residence, on account of the prevalence of the cholera. That Mr. Cassedy was the fully authorized and well accredited agent of the plaintiff in this matter is abundantly proved, as well by letters from the plaintiff to him as by Mr. Cassedy's testimony. He says, the plaintiff employed and paid him to attend to this business, and gave him authority to control and direct the proceedings on execution, as should be most for his interest. Here then, the plaintiff had two authorized agents, giving conflicting directions to the sheriff. If the plaintiff previous to the 21st June, 1832, had directed his attorney residing at Trenton to proceed against the sheriff for not selling, and afterwards employed Mr. Cassedy as his agent to give the sheriff instructions not to proceed to a sale, the sheriff had a right to presume the plaintiff had countermanded his orders for an amercement ; for, acting in good faith, he ought to have done so.

It would be a gross fraud on a sheriff to give him a notice of amercement, by one agent for not proceeding, and then by another agent to suspend his proceedings and lull him into security, while a heavy judgment of amercement is entered up against him.

It is objected that this application comes too late. The amercement was entered in September term last, but no execution was issued thereon till since the November term, so that for all that appears to the court the sheriff had no knowledge of this judgment till during the last vacation, and if so this is the first term at which he could apply to be relieved against it. If he had known of the amercement, and had unreasonably slept upon his rights, it would be a different case. No intention of fraud in this case is imputed to the plaintiff; he probably did not know

that his attorney on the record in pursuance of his duty as such, was proceeding against the sheriff. The judgment and execution must therefore be set aside without costs to be paid by either party.

Cited in *Stryker* v. *Merseles, Zab.* 544.